The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. All right, be seated please. All right, next case we'll hear this morning is United States v. Starkey and Mr. Bryant will hear from you first. Thank you, good morning, Your Honors, and may it please the Court, Patrick Bryant on behalf of Jaron Starkey and this appeal. Your Honors, Delaware is different. Delaware allows prosecutions for attempted deliveries under its drug distribution statute and that is precisely the circumstance that this Court has said means that that state's drug distribution offense cannot count as a controlled substance offense under the career offender guideline. And we've pointed to the Boardley decision from the Delaware Supreme Court that lays this out very explicitly. I know that there was some discussion. Does Delaware have a separate attempt statute? It does, Your Honor, but that's not dispositive here for a couple of reasons. One is... It seemed generally dispositive in the long list of cases that came after Campbell. Well, even assuming that those cases are correct, which I'll take as a given for this morning, the way that those states might handle those prosecutions doesn't change the way that Delaware does it and as the Delaware Court said in the Boardley decision, prosecutors can choose either one. You suggest that Boardley's clear and as you say, for purposes of this question, you can accept that debatable question. Are we bound by that? We seem to be, it seems like to me, it's not literally an eerie guess, but we're trying to anticipate what the Delaware Court would do if faced with the question. And Boardley might be evidence of that, but it is not itself a resolution, so we're not bound by it. Is that fair? Perhaps not as a literal sense. In other words, not as a legal sense. I suppose that's true. However, this is about as clear evidence as we're going to get. I think it's very clear that Boardley is a... The discussion, the quotation in a different context of a trial court order resolved the question for purposes of, that didn't matter to the outcome there, that that resolves the question. That's an odd example to use as you say, precisely and clearly establishing what Delaware's law is. Well, it's funny that there was some discussion in the previous argument about whether the adoption of a lower court's decision, every jot and tittle, means something. And here, the Boardley... Totally fair. If I was legally bound by Boardley, we have one set of questions that exist. But if I'm instead using Boardley as evidence, that it feels like a very different inquiry. I think even if that's theoretically true, this is such good evidence that it does get us to that point, if you're making the guess of what the Delaware court would do. I don't think it is that good evidence. I mean, it seems to me the statute, language of the statute, they weren't faced with our issue. And the language of the statute is just so parallel to the numerous cases that we've held under various states. And we didn't have to go to state interpretations because there's no issue about it. The question is, they define delivery as a completed act, which is an attempt, a distribution as a completed act, which is an attempt to delivery. And that's a legal conclusion, isn't it? But I mean, it doesn't require... Well I think what was missing in those other cases that we have here is a situation where the Delaware court said very clearly that this person, Boardley, committed an attempted offense but is still subject to prosecution under the drug distribution statute. And Campbell, which is still good law, says that that means it doesn't qualify. In Boardley itself, or maybe instead of, let me ask the open-ended question, is Boardley not a case about attempted transfer, not attempted delivery? So if we were thinking about this from sort of a dicta holding perspective, like the attempted transfer piece or the attempted delivery piece, wasn't it issue in Boardley anyway, right? So like it's sort of a, you know, not to call it dicta, but it's dicta, right? Because of the facts in Boardley itself? Well, maybe, although I'm not sure there really is any distinction that really matters between attempted transfer and attempted delivery. Right. But to make that argument, you've got to like throw away five cases from our court, right? Well but not Campbell. And Campbell came first. No, no, no. You have the five away and you sort of say that the one that came earlier is right and the distinction that the five draw is wrong. We can't make that to this panel, right? Well, I agree. But even in those cases like Groves said, if this situation exists, if an attempt offense can be prosecuted in a certain state under the drug distribution statute, then it wouldn't count. And that's what we have here. And the government tries to make these sort of legal term of art distinctions. I'm not sure that, and the government, I think, starting on page 19 of its brief, goes through these examples of attempted transfers. I don't think any of those could not be also characterized as attempted deliveries. I don't think there really is a difference between those. But certainly in- I was just putting into question, number one, the statutory structure, and number two, about three or four or five cases that we have. In other words, when the statute itself defines distribution to include a distribution as a completed act includes the attempt to deliver, you can come up with all the hypotheticals, but that is the legal construction that we have made, and that's what the statutes purport to make. Well, I understand that's what the statutes say. And the fact that transfer and delivery and even distribution, all those words are pretty similar words, and we're drawing fine lines, but we do have a lot of precedent on this. Well, I think that what those decisions say, rightly or wrongly, even if we accept that they're right, is that in those states, inchoate attempted deliveries are not prosecuted under the general drug distribution statute. What we have in Delaware is what happened in West Virginia that they are, and Bordley is a good example of that. Counsel, with respect to Campbell, it's a decision that's not been overruled, but on the other hand, the distinctions drawn in all these later cases from Rose on with respect to a separate attempt statute and the other things, those are items that were never argued in Campbell. So, there's a question in my mind, if Campbell arose again today, whether or not it could still be decided the way it was. Well, even if that's true, I think that the way that the court thought that West Virginia worked is the way that Delaware works, and so that even if Campbell would come out like these other cases, as I said, Delaware is different, and it tells us so. But I think, really, the court doesn't even have to delve into all of those distinctions. The only thing that the court really has to do here is to answer the question of whether any conduct, because under the categorical approach, we're talking about the least culpable conduct. Is there any conduct that would fall within the concept of attempted transfer that an ordinary speaker of English would not call distribution? I think the answer to that is unquestionably yes. And let me give you an example. I found this case, unfortunately, it's not cited in the briefs, but United States v. Pino, P-I-N-O, at 608 F. 2nd, 1001. That's a Fourth Circuit decision from 1979. And in that case, Mr. Pino went to a garbage dump to look for drugs that he thought were hidden there. He didn't find any. He was going to sell them if he found them. And this court said he could be guilty of attempted transfer of drugs. And I don't think any ordinary English speaker would say that Pino distributed drugs by unsuccessfully looking for them in the garbage dump. And this court in war… Yeah, but see, what you're doing is you're just contradicting the statute. The Delaware statute says delivery means the actual or constructive or attempted transfer from one person to another. Delivery is the completed act of delivery. That's the definition. They've quibbled the statute. So regardless of your view that common sense and language, you may make a good case on that, I must say. Transfer and delivery are mighty close terms. But here, delivery means the actual attempted transfer. And so… But it can't mean attempted delivery. No, it says attempted transfer. I agree with that. We'll concede that the statute includes attempted transfer. Now the problem is that this court in Campbell said that it doesn't include the inchoate offense of attempted delivery. It says if attempted transfer is a completed delivery, attempted delivery is not. And the commission, the Sensing Commission understood, well, okay, we wrote that slightly differently, and we'll move that into the text to make it very clear, which is exactly how this process ought to work. And so if the commission thinks that Delaware should be included for some reason, it can amend the guideline. But the way that this court has said that, number one, in Ward, that distribution has to take its ordinary meaning, and in Campbell, that attempted deliveries are not included, then we have, it's just syllogistic reasoning here, that if an attempted delivery is prosecutable under the drug distribution statute, then it can't count. And Bordley tells us that that's what happens in Delaware. Bordley's mighty, mighty thin straw to rely on. I mean, first of all, it's a quote from a district court, and the court accepted it, so to speak, here. But this is what the court said. A delivery expressly includes an attempted transfer. Now, that's an accurate statement of their law. Yes. Therefore, although this case did, in fact, involve an attempted transfer or attempted delivery, that's the clause that causes difficulty. By statutory definition, it is a delivery. And it didn't say that. The court slipped in attempted delivery, which the court just said in the sentence before, we're talking about delivery, not attempted delivery. It says a delivery expressly includes attempted transfer. Right. And then it says, therefore, although this case did, in fact, involve attempted transfer, by statutory definition, it's a delivery. It slipped in this actual attempted delivery, which is a nonsensical word. It doesn't fit in that sentence. It's a slippage, obviously. I disagree with that, Your Honor. Well, he says, all right. Well, I mean, I think it may not matter under Delaware law whether there is a distinction between attempted transfer. Well, you got the definition right, and the court understood it right, which delivery included attempted transfer. I agree with that. But in Delaware, it also includes attempted deliveries. And under federal law, under the guidelines, that doesn't count. And that's fine. Under our system of federalism, not every state prior has to count in the guidelines. And there's nothing, the government's only real fallback on that is that either, borderly doesn't mean what it says, which I think, again, is disrespectful. It can't mean what it says. It's an inherent conflict. It's a mistake. No. The court is defining delivery to be an attempt transfer. And then it says, in this case, we have an attempted transfer. Therefore, it's a delivery. Right, but it also says attempted deliveries. And maybe both are the same under Delaware law. But that wasn't even on the table. The question, what delivery, all right, we can do it. I think we made our point that we think that attempted deliveries are prosecuted under that statute, and that means they don't count. Is there any example, other than this quotation from the trial court, in a case that didn't raise the issue, where Delaware has prosecuted it in the way that you think it exists? I mean, sometimes we look at that as another piece of evidence that shows up. Can you shed any light on that question? I don't think I have that, but I think that we're put in that position where most of those cases wouldn't be reported or findable very easily. No, no, I totally acknowledge, but like the jury instruction. Well, the jury, the pattern jury instructions, which are freely available, do not distinguish between the modes of distribution. It just says, it defines it as the statute does, that distribution includes all these terms, but juries aren't required to choose whether it's a distribution or an attempted transfer, if I may just wrap up here. And so the government's only real comeback to that is this surplusage argument, and I think not only Bordley tells us that that doesn't matter. Batchelder from the Supreme Court says that there are myriad examples of situations where prosecutors can choose among statutes that they want to prosecute. So, thank you, your honors. Thank you. All right. All right, we'll hear from Mr. Sawyers. Good morning, your honors, and may it please the court. Reed Sawyers for the United States. I think Judge Niemeyer, you are absolutely correct that Bordley is an awfully thin reed to rely on to suggest that Delaware's scheme is different from the Virginia and federal and North Carolina and South Carolina and Pennsylvania schemes. Well, I was just pushing counsel to the limit, but I'm not suggesting that's the final call on this. Well, to briefly address Bordley, I think it's important to talk about the actual facts in Bordley first. And those could be prosecuted under 841 federal distribution, clearly as a distribution twice over. First, because the defendant in Bordley gave drugs to her co-conspirator, which under this court's AFT case constitutes a completed distribution under 841, which we know is a controlled substance offense under the guidelines. And then second, the defendant's co-conspirator there came within a hair's breadth of completing the drug sale. The cash had been turned over, and that constitutes an attempted transfer. So I don't take my friend to contest that Bordley does not involve a mere substantial step towards delivery, a mere attempted delivery. And therefore, it is not clear, as he says. Your argument is that the holding of Bordley and a holding meaning disposition of the necessary disposition of the facts doesn't support a notion that attempted delivery is prosecuted as delivery. Exactly correct, Your Honor. What we do have is, as Your Honor recognized, although maybe you were just pushing counsel, is some verbal slippage in the Bordley trial court decision, which was then block loaded by the Bordley Supreme Court. But as this court has recognized in cases like Sunkar, as the Supreme Court has recognized, as Delaware cases have recognized, that sort of verbal slippage probably doesn't even arise to the level of dicta. But even if this court considered it dicta, because it clearly is not relevant to the case's holding, that would not be binding on this court. So I don't think Bordley is sufficient to get this court around its post-Campbell cases. Do you agree in this context, and I think it's, except it's true in the Erie context. But do you think it's true in this context that if we had a Delaware, the highest court in Delaware, Supreme Court of Delaware, that said, directly said, as a holding, that it was included. This is counterfactual, obviously. Would we be bound by that? So, I think the answer is probably yes. I could try to fight that, but I think given federalism principles, I think given at least statements from this court's prior categorical approach cases, I do think this court would probably be bound by a clear precedential holding of a state Supreme Court, at least. Would it matter if it was 100 years old and sort of had not been cited or relied upon since? I'm just, I'm very comfortable, I'm very uncomfortable opining on this just because it isn't relevant to this case. So I did not do a lot of prep on this issue. So I don't want to forswear that in the future if we needed to make that argument. My instinct would be that if we had a recent on point holding from a state high court, that that would be binding. If- You know, I take your point that you just don't have a view on this. But it certainly would be highly persuasive, and that would require some real reason to deviate from. But that's different than saying we're bound by it. But you can skip that since you're not comfortable talking about it. Yes, your honor. To quickly address the Pino case that my friend brought up for the first time today. Obviously, that argument is forfeited. But I think what he's really trying to do there is refight this court's post-Campbell cases, which clearly held that the distribution definition under the guidelines includes attempted transfers. I believe, and my friend can correct me if he's wrong because obviously I don't have Pino at my fingertips because it wasn't cited. I believe that's an 841 case. So if you follow his argument to its logical conclusion, he would be suggesting that Groves is wrong. And obviously, this court is bound by that. So I'm happy to address any questions the court has. But otherwise, we would rest on our briefs and ask this court to affirm. All right, thank you. Thank you. All right, Mr. Brey? Thank you, your honor. Can you start with Pino? Because I guess I'm like, I obviously wasn't intimately familiar with it before either. Yeah, I'm sorry. It's the sort of, the discussion here is that Pino, as the principal, it's a lot about aiding and abetting. But as the principal was guilty of distribution, even if the proof established only an attempt to transfer. That seems actually just like consistent with what like Sunkar in these cases are saying. I guess I'm having a hard time understanding why, it seems like to me, the person who missed Pino was your colleague, right? It actually seems to help him, not you? Well, what am I missing there when it says is guilty of distribution because there was an attempt to transfer? Well, we're not contesting because we're not asking you to overrule those cases. We're not contesting that attempted transfers are completed distributions under this court's case law. The problem is that under this court's case law, attempted deliveries are not. And I think what we have here is this sort of loggerheads that. Yeah, but Pino is on the other side of the line from where you're saying. You gave Pino as an example where attempted distribution would fall within distribution, right? So you're sort of saying this is an example where it doesn't work. But it seems like to me what the court is saying is exactly what the court said in Sunkar, which is distribution includes an attempt to transfer. But I think my point is that that could also be characterized as attempted delivery. I don't think there's any real- No, you're changing the words. I mean, the statutes use these words and the case use these words. They distinguish between the concept of delivery and attempted transfer. In other words, attempted transfer is included in delivery. Right. Now, you can't say attempted transfer means attempted delivery. They're defining delivery, not attempted delivery. Well, I understand that, but I don't see how you could define- I haven't read this case either. But if Judge Richardson is reading it and says distribution includes attempted transfer, that's the whole- Right. That's right on the definition. Right, but we don't have to disagree with that. Our point is that it's the same thing. That there's no way that you can conceive of an attempted delivery that would not also be an attempted transfer. No, but the vice versa is true. When you have a requirement of delivery, not attempted delivery, when you're prosecuting delivery, it includes attempted transfer. I don't dispute that. That's what's at issue here. No, what we're arguing here is that attempted delivery can also, at least in Delaware, be prosecuted under the distribution statute. I'm not sure I'm persuaded by that. And I think Mr. Sawyer made a pretty good point, which is what is the holding of Bordley? And the holding, you have to go back to the central facts and the holding that disposes of those facts. And in that case, there was a delivery as defined by the statute. Well, but what both courts explained in Bordley is that, because the argument in Bordley was that she said she shouldn't be subject to the drug sentencing scheme because all she did was an attempt. And what the trial court said and what the Delaware Supreme Court adopted was that, yes, some defendants are charged that way, and when they are, they get out of the sentencing scheme. But that's not the case here, because you were charged under the drug statute. So all of those cases that the Delaware court was talking about, that prosecutorial practice, is evidence of the norm in that state. And those cases aren't reported because they're guilty pleas. I mean, this is just like a 371 conspiracy in federal court, where it's not surplusage just because there's a drug conspiracy statute. We negotiate, and then sometimes the government lets us plead to a 371 conspiracy because you cap the stat max. And it's strategic, and that's what was going on here. And now the government pushed back that the statutory penalties are the same, but I found a case, again, I'm sorry that I found it after the briefing. But this is Smith v. State, 1980 Delaware Supreme Court, at 412 Atlantic 2nd, 331. If I could finish very briefly, I think it's on point. Said, since the general attempt statute speaks in terms of the same grade and degree of the offense attempted, the reference is to general classification and not to the specific penalty provisions relating to specific offenses. And the very last point, and I know I'm over, but I'm sorry, I'll finish very briefly. The government is arguing, and some courts have intimated, that it would be absurd if some of these state offenses were not included in the career offender guideline. The Census Commission itself has proposed, and is considering now, removing all state priors from the- I think you've prevailed on the idea that this whole endeavor is absurd, and yet that cannot drive our decision making. The categorical approach, by definition, is absurd, yet we are doing it. And we cited cases about the binding nature of state decisions in our brief, so we'll rest on that and ask you to vacate the sentence. Thank you. Thank you. All right, we'll come down and greet counsel and adjourn for the day. Nope, nope, nope. We have one more case. Let's do one more. Sorry about that. Let's come down and greet counsel.
judges: Paul V. Niemeyer, G. Steven Agee, Julius N. Richardson